UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ALANTE NEALY,

          Petitioner,           Case No. 2:21-cv-115

v.                                       Honorable Robert J. Jonker

CONNIE HORTON,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner. His petition indicates that he is being held on orders by State authorities and that he is serving a sentence imposed on November 17, 2017, by the court located in the Frank Murphy Hall of Justice. (Pet., ECF No. 1, PageID.1.) That court appears to be the Wayne County Circuit Court. The Court concludes that the specific judgment of sentence Petitioner is challenging is the judgment entered in the Wayne County Circuit Court in Case No. 17-001522-03-FC.[1] See https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=762546; https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3563095 (visited June 1, 2021). In that case, on June 16, 2017, Petitioner entered guilty pleas to charges of felon in possession of a firearm, commission of a felony as a gang member, assault with

---

[1] It appears that Petitioner is also serving sentences imposed by the United States District Court for the Eastern District of Michigan on August 24, 2018. *United States v. Nealy et al.*, No. 2:17-cr-20136 (E.D. Mich.) (Jud., ECF No. 78.) Those sentences run concurrently to his state-imposed sentences; however, one of the sentences—a 24-month term of imprisonment—may run consecutively to the state sentences. *Id.*, (Jud, ECF No. 78, PageID.316.) Petitioner does not mention the federal convictions or sentences in his petition. Petitioner's challenges are generally based on claims applicable to the state court judgment, but not the federal court judgment. Moreover, it is not proper to join challenges to a state court judgment under § 2254 and challenges to a federal court judgment under § 2255 in a single petition. *See, e.g., Berry v. Rapelje*, No. 10-10026-BC, 2010 WL 2105140 (E.D. Mich. May 25, 2010); *Childress v. Booker*, No. 5:09-cv-14677, 2009 WL 4730451 (E.D. Mich. Dec. 10, 2009). If Petitioner wishes to challenge the federal court judgment, he should file a petition under § 2255 in the court that imposed the sentence. 28 U.S.C. § 2255(a).

intent to commit murder, and possession of a firearm during the commission of a felony (felony firearm).  On June 26, 2017, the court sentenced Petitioner.  The controlling consecutive string of sentences begins with a 2-year sentence for felony firearm and ends with a sentence of 13 to 30 years for assault with intent to commit murder.

Although Petitioner filed a form petition seeking habeas relief under 28 U.S.C. § 2241; he is in custody pursuant to the judgment of a state court.  "The reality is that § 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment." *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019).  No matter what form Petitioner uses or what statute he claims serves as the basis for relief, because he is in custody pursuant to the judgment of a state court, his request for habeas relief must comply with the requirements of 28 U.S.C. § 2254.  *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("[T]his makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.").

Petitioner contends that Michigan's criminal statutes cannot be constitutionally applied to him.  Petitioner seeks "immediate vacation" of his current sentences and "removal of any record under [the Michigan] statutes." (Pet., ECF No. 1, PageID.8.)  Because Petitioner is in custody pursuant to the judgment of a state court and because the relief he seeks challenges the validity of his convictions and sentences, the Court concludes that Petitioner actually seeks relief under 28 U.S.C. § 2254, and must satisfy the requirements for relief imposed by the statute. One of those requirements is timeliness under 28 U.S.C. § 2244(d).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

**I.      Factual Allegations**

Petitioner Alante Nealy is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. During the summer of 2017, Petitioner was convicted and sentenced in the Wayne County Circuit Court, as set forth above. Petitioner, with the assistance of counsel, sought leave to appeal his convictions and sentences to the Michigan Court of Appeals. *See* https://courts. michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=34

3

2492&CourtType_CaseNumber=2 (visited June1, 2021). By order entered April 12, 2018, the court of appeals denied leave "for lack of merit in the grounds presented." *People v. Nealy*, No. 342492 (Mich. Ct. App. Apr. 12, 2018) available at http://publicdocs.courts.mi.gov/coa/public/orders/2018/342492(6)_order.pdf. Petitioner did not pursue the matter further. There is no record that Petitioner has filed a previous habeas petition in this Court or in the United States District Court for the Eastern District of Michigan.

On June 1, 2021, the Court received Petitioner's habeas corpus petition. Petitioner does not disclose the date he mailed the petition. He signed it on May 10, 2021. (Pet., ECF No. 1, PageID.9.) His submission to the Court was postmarked on May 28, 2021. (*Id.*, PageID.10.)

## II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner sought leave to appeal the judgment of conviction to the Michigan Court of Appeals, but he did not seek leave to appeal to the Michigan Supreme Court. The time for seeking leave to appeal to the Michigan Supreme Court expired on June 7, 2017, 56 days after the court of appeals denied leave. Mich. Ct. R. 7.305(C)(2). That is the date Petitioner's judgment became final.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Petitioner had one year from June 7, 2017, until June 7, 2018, to file his habeas application. Petitioner filed his application during May of 2021. Obviously, he filed more than

5

one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner reports that he filed a petition for writ of habeas corpus in the Chippewa County Circuit Court on April 14, 2020, raising the same challenges he raises by way of this petition. The Chippewa County Circuit Court habeas corpus petition is the only application for collateral review that Petitioner filed. But he filed it several months after the one-year period of limitation had expired. Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Vroman v. Brigano*, 346 F.3d 598, (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id*. The Chippewa County habeas petition, therefore, does not impact the timeliness of this federal petition.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v.*

6

*Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, based on the scant allegations in his petition, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable

diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Moreover, Petitioner's guilty plea presents a formidable barrier to any claim of innocence now. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.


Dated: __June 16, 2021__       /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                CHIEF UNITED STATES DISTRICT JUDGE